UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**JOHN R. FOUTS**                                                                                  **PLAINTIFF**

**v.**                                  **CIVIL ACTION NO. 3:25-CV-450-JHM**

**UNITED STATES OF AMERICA** *et al.*                            **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff John R. Fouts filed the instant *pro se* civil action proceeding *in forma pauperis*. This matter is now before the Court upon initial review of the complaint and amended complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the instant action will be dismissed.

### I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff filed a complaint (DN 1) and an amended complaint (DN 3). The complaints appear to be identical, but Plaintiff added 340 pages of exhibits to the amended complaint.[1]

Plaintiff sues the following Defendants: the United States of America, Commonwealth of Kentucky, Louisville Metro Housing Authority, Station J-Town (New Chestnut Ridge Apts LLC), Google LLC, Apple Inc., T-Mobile USA, Inc., ASUS Computer International, Dropbox, Inc., Microsoft Corporation, Samsung Electronics Co., Ltd., Bing, Android OS, Judge Benjamin Beaton, Judge Araceli Martinez-Olguin, Magistrate Judge Regina Edwards, and "Jane and John Does 1-500."

---

[1] "The Court is not required to comb through [the plaintiff's] unexplained exhibits to pick out the best facts in support of his claim when he has failed to allege them with any clarity." *Plemons v. Core Civic*, No. 1:19-CV-00062, 2019 U.S. Dist. LEXIS 141153, at *7 (M.D. Tenn. Aug. 20, 2019); *see also Laster v. Pramstaller*, No. 08-CV-10898, 2008 U.S. Dist. LEXIS 34080, at *4-5 (E.D. Mich. Apr. 25, 2008) (finding that the court is not obligated "to search through the Complaint and its voluminous exhibits in order to glean a clear and succinct statement of each claim for relief. It is Plaintiffs' responsibility to edit and organize their claims and supporting allegations into a manageable format.") (citation omitted).

Plaintiff states as follows:

This Complaint seeks emergency relief for ongoing and escalating violations of the Plaintiff's constitutional, statutory, and human rights, resulting in life-threatening harm to himself and his minor child. Plaintiff John R. Fouts is a disabled individual with federal housing and medical protections that have been unlawfully ignored, revoked, or obstructed by state actors, government contractors, judicial officers, and corporate entities acting under color of law.

Plaintiff has been denied safe housing, life-preserving medication, continuity of care, ADA accommodations, and basic access to justice, while facing systemic interference, surveillance, and retaliation for whistleblowing and asserting federal protections. This includes sabotage of medical care, digital evidence tampering, denial of service across medical institutions, unlawful eviction despite active voucher protection, and sabotage of essential equipment and communications.

Plaintiff further states that he was "evicted while holding a valid mainstream housing voucher, denied ADA housing rights, and exposed to toxic mold and water leakage over lighting fixtures with no remediation." He states that he was "[d]enied Adderall in medically necessary dosage despite severe fatigue and risk of vascular collapse" and "[r]efused continuity of care, copper/iron infusions, stimulant titration, and medical necessity letters." He states that he was "[u]nlawfully blacklisted by Norton Healthcare system-wide after filing RFRA faith-based protections" and "[u]nlawfully blacklisted from Associates in Dermatology without cause." Plaintiff further asserts, "Surveillance confirmed via spoofed DNS routing, Type-0 hypervisors, and tower manipulation." He also maintains, "Plaintiff's car sabotaged and father's car likely sabotaged, devices digitally compromised, and replacement equipment unaffordable, and although under warranty, claims refused." He also states, "Multiple facilities denied treatment and used pretextual reasons to evade ADA and civil rights compliance."

As relief, Plaintiff seeks damages and an array of injunctive relief, including the following:

[O]rdering temporary or permanent housing with relocation costs provided fully, food access for gluten free medically necessary nutrient dense medically necessary diet, safe storage of medications under Plaintiff's own control (meaning not at a

2

> homeless shelter) and oxygen equipment, and funding for travel/relocation, and to care for two certified registered emotional support animals.

He also seeks medical treatment; a "[c]ease-and-desist order halting illegal surveillance, redirection, and contractor interference"; "reopening and vacatur of judgments from NDCA, WDKY, DDC due to systemic obstruction and egregious judicial misconduct"; and many other forms of injunctive relief.

## II. STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d at 608–09. On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

### A. *42 U.S.C. § 1983*

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. Section 1983 has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### 1. *Commonwealth of Kentucky*

A state may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth.*, 506 U.S. 139, 144-46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and Congress did not intend to override the traditional sovereign immunity of the states in enacting § 1983. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). Therefore, Plaintiff's § 1983 claim against the Commonwealth of Kentucky will be dismissed for seeking monetary damages from a defendant who is immune from such relief.

#### 2. *Louisville Metro Housing Authority*

Louisville Metro Housing Authority is an agency of Louisville Metro Government. *See Bryant v. Louisville Metro Hous. Auth.*, 568 S.W.3d 839, 846-47 (Ky. 2019). Louisville Metro Housing Authority is not a "person" subject to suit under § 1983 because municipal departments or agencies are not suable under § 1983. *See Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000

U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991). In this situation, Louisville Metro Government is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not allege in the complaint or amended complaint that any alleged action occurred as a result of a policy or custom implemented or endorsed by Louisville Metro Government. Therefore, this claim must be dismissed for failure to state a claim upon which relief may be granted.

### 3. *Private defendants*

Private parties may be held liable under § 1983 only if they are "state actor[s]" that operated under "under color of law" such that their "private conduct is fairly attributable to the state." *Moldowan v. City of Warren*, 578 F.3d 351, 399-400 (6th Cir. 2009). There are three tests for determining whether a private actor may be treated as a state actor: "the public-function test, the

state-compulsion test, and the nexus test." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014). Conclusory allegations of state action are not sufficient to support a claim. *See Iqbal*, 556 U.S. at 678 (pleading not sufficient if it offers "'labels and conclusions'" or if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'") (quoting *Twombly*, 550 U.S. at 555, 557). The Court has reviewed the complaint and amended complaint and finds no allegation to support that Station J-Town (New Chestnut Ridge Apts LLC), Google LLC, Apple Inc., T-Mobile USA, Inc., ASUS Computer International, Dropbox, Inc., Microsoft Corporation, Samsung Electronics Co., Ltd., Bing, Android OS, or the 500 Jane and John Doe Defendants are state actors under any of the above tests for establishing state action. Therefore, the § 1983 claims against these Defendants will be dismissed for failure to state a claim upon which relief may be granted.

### B. *Bivens*

Section 1983 is the operative statute for claims based on violations of constitutional rights against defendants employed by a state or local government, whereas civil rights suits against federal defendants are brought under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). Section 1983 actions and *Bivens* actions are analogous. *See King v. Fuller*, No. 4:08-cv-36, 2008 U.S. Dist. LEXIS 82152, at *6 (E.D. Tenn. Oct. 15, 2008) (finding "a Bivens action is analogous to an action under § 1983" and noting that "the decisional law developed under § 1983 generally applies in *Bivens*-type actions").

#### 1. *United States of America*

*Bivens* establishes a private right of action for damages against individual federal government officials who violate a citizen's constitutional or federal statutory rights under color of federal law. However, it is well-settled that the United States may not be sued under *Bivens*. The United States has not waived its sovereign immunity for *Bivens* claims asserted against the

United States government, its agencies, or its employees in their official capacities. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994); *Mangold v. U.S. Dep't of State*, No. 4:15CV02300, 2016 U.S. Dist. LEXIS 57350, at *3 (N.D. Ohio Apr. 29, 2016) (*Bivens* "does not support an action against the United States government or any of its agencies.") (citation omitted). Therefore, Plaintiff's *Bivens* claim against the United States must be dismissed for failure to state a claim upon which relief may be granted.

### 2. *District Judges Beaton and Martinez-Olguin and Magistrate Judge Edwards*

Judges, including Magistrate Judges, are entitled to judicial immunity arising out of the performance of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Kipen v. Lawson*, 57 F. App'x 691, 691-92 (6th Cir. 2003) (discussing immunity of federal judges); *Alexander v. Carter*, No. 1:15-CV-69-HSM-SKL, 2018 U.S. Dist. LEXIS 33526, at *12 (E.D. Tenn. Mar. 1, 2018) (finding a federal magistrate judge is immune from a suit under *Bivens*). Judicial immunity is an immunity from suit, and it applies even when a judge is accused of acting in bad faith, maliciously, or corruptly. *Mireles*, 502 U.S. at 11. In addition to damages, it serves to protect federal judges from injunctive relief. *Kipen*, 57 F. App'x at 691. Judicial immunity from suit can be overcome in two situations—a judge is not immune from liability for non-judicial actions, *i.e.*, "actions not taken in the judge's judicial capacity," or for "actions, though judicial in nature, which are taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12. Neither exception is applicable here. Therefore, the *Bivens* claims against Judges Beaton, Martinez-Olguin, and Edwards must be dismissed for failure to state a claim upon which relief may be granted and for seeking damages from a defendant who is immune from suit.

### C. *Fair Housing Act (FHA) and Americans with Disabilities Act (ADA)*

Plaintiff alleges claims under the FHA and ADA. The Court broadly construes the complaint as alleging these claims against the Louisville Metro Housing Authority and Station J-town (New Chestnut Ridge Apts LLC) based on his allegations that he "was evicted while holding a valid mainstream housing voucher" and denied ADA housing rights.

While the Court has a duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). The pleading standard set forth in Federal Rule of Civil Procedure 8 "'does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (internal citations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 557). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice."); *Gregory v. Shelby Cnty. Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences."). Upon review of the complaint and amended complaint, the Court finds that Plaintiff makes conclusory allegations of violation of the FHA and ADA but no specific factual allegations to support a claim under either

statute. Therefore, these claims will be dismissed for failure to state a claim upon which relief may be granted.

### D. Other federal statutes

Plaintiff cites various other federal statutes, including RICO and the False Claims Act. Upon review of the complaint and amended complaint, Plaintiff states no allegations to support a claim under any other federal statute.

### E. State-law claims

Plaintiff also alleges claims of medical negligence, malpractice, intentional and negligent infliction of emotional distress, and other state-law claims. Because Plaintiff's federal claims are being dismissed, the Court declines to exercise supplemental jurisdiction over any state-law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"). The state-law claims, therefore, will be dismissed without prejudice.

### IV.

For these reasons, the Court will dismiss the action by separate Order.

Date:   November 21, 2025

*[signature]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
4414.010